UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE BRIAN BATES, III, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| v. | )   Case No. 4:12CV2005 (JCH) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Movant Willie Brian Bates, III's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Motion, ECF No. 1). The Motion has been fully briefed and is ready for disposition.

On March 8, 2010, Bates pled guilty to one count of conspiracy to distribute and possess cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846. (Plea Agreement, Case No. 07-cr-759, ECF No. 271, at 11-12). Bates was sentenced to a term of imprisonment of 262 months. (Judgment, Case No. 07-cr-759, ECF No. 283, at 2). This sentence was based on a calculation under the United States Sentencing Guidelines of a range of 262-327 months. *United States v. Bates*, 418 Fed. App'x 569 (8th Cir. 2011) (unpublished) (*per curiam*). As part of its guidelines calculation, the sentencing court concluded "Bates was a 'career offender' under U.S.S.G. § 4B1.1(a) because he had two prior felony convictions that qualified as 'crimes of violence' under U.S.S.G. § 4B1.2(a). One of the two prior convictions was for 'knowingly burning or exploding' the property of another in violation of Mo. Rev. Stat. § 569.055." *Id.* Bates's only contention on direct appeal was that the sentencing court erred in determining that "knowingly

1

burning" under § 569.055 was a crime of violence for purposes of determining his sentencing range. *Id.* The Eighth Circuit affirmed the sentencing court's determination. *Id.* at 570.

In this Motion, Bates raises four ostensibly separate claims: (1) that his trial counsel was ineffective in failing to object to the sentencing court's "crime of violence" determination under the sentencing guidelines; (2) that knowingly burning in Missouri is not a violent offense under the sentencing guidelines; (3) that the sentencing court "violated clearly established law regarding the procedure used to establish the prior conviction was a violent offense[;]" and (4) that his appellate counsel was ineffective for failing to raise these grounds on direct appeal. (Motion at 5-6). As the Government points out, these claims all turn on the same question: whether Bates's "1999 conviction for Knowingly Burning or Exploding in violation of Missouri Revised Statute § 569.055 [constitutes] a 'violent offense' for purposes of the 'career offender' provision" of the U.S.S.G. (Gov't Response, ECF No. 3, at 5).

The Eighth Circuit already answered this question in the affirmative on direct appeal. *Bates*, 418 Fed. App'x 569. The opinion in the direct appeal relied primarily on *United States v. Whaley*, 552 F.3d 904 (8th Cir. 2009). In *Whaley*, a unanimous Eighth Circuit panel examined whether § 569.055 is a "violent felony" under 18 U.S.C. § 924(e), the Armed Career Criminal Act. *Id.* at 905. This inquiry required the *Whaley* court to examine the statutory definition of "violent felony," which encompasses "'any crime punishable by imprisonment for a term exceeding one year' that is 'burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.'" *Id.* (quoting § 924(e)(2)(B)). The *Whaley* court ultimately concluded that § 569.055 satisfies the elements of generic arson, an offense specifically listed under § 924(e)(2)(B)(ii), and therefore constitutes a violent felony under the ACCA.

2

As the "crime of violence" inquiry under U.S.S.G. § 4B1.2(a) is identical to the "violent felony" inquiry under § 924(e), *United States v. Furqueron*, 605 F.3d 612, 613-14 (8th Cir. 2010), the *Whaley* holding means there is no merit to Bates's contention that his knowingly burning conviction did not amount to a conviction for a crime of violence. The sentencing court therefore did not err in calculating Bates's sentencing range, and neither Bates's trial counsel nor appellate counsel could be considered ineffective for failing to contend that the sentencing court erred.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Movant Willie Brian Bates, III's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (ECF No. 1), is **DENIED**, and Bates's claims are **DISMISSED WITH PREJUDICE**. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that, because Bates cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253(c).

Dated this 13th day of July, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1] In addition to his Motion, Bates filed a document that he named an "amended motion." (ECF No. 12). This document cannot be considered an amended motion. It is instead a reiteration of the same arguments Bates sets forth in his Motion and Reply, although with new authority included. In any event, nothing raised in this supplemental brief changes the outcome.